# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

BRETT ALAN JAMES TALMADGE,

    Plaintiff,

v.

MAGISTRATE ZWINK, *et al*.,

    Defendants.

Case No. 3:21-cv-00002-RRB

## ORDER OF DISMISSAL

Brett Alan James Talmadge, representing himself, has filed a Prisoner's Civil Rights Complaint, under 42 U.S.C. § 1983, and has paid the filing fee in this case.[1] Mr. Talmadge asserts claims occurring in 2008, leading to his state court criminal indictment, trial, conviction, and sentence; and in 2019, involving revocation of his probation in that case.[2] As Defendants, Mr. Talmadge names individuals involved in his criminal case.[3] The Court takes judicial notice[4] that Mr. Talmadge filed a similar case in this Court in 2019, which is now on appeal.[5]

---

[1] Docket 1.

[2] *Id*. at 5–25.

[3] *Id.* at 2–4.

[4] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." *Black's Law Dictionary* (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n. 3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (citation omitted); Fed. R. Evid. 201.

[5] *Talmadge v. Williams, et al.*, 3:19-cv-00318-TMB, Dockets 1, 8, 13–16, 18.

In his current case, Mr. Talmadge seeks damages to be determined by a jury, and injunctive and declaratory relief prohibiting *Glass* Warrants.[6] A "*Glass* warrant . . . under [t]he Alaska constitution requires that a warrant issue before surreptitiously recording a conversation. Under federal constitutional and statutory law, by contrast, no warrant is necessary so long as one of the two parties to the conversation consents to the recording."[7]

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a prisoner seeking redress against "a governmental entity or officer of employee of a governmental entity."[8] In this screening "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

---

[6] Docket 1 at 28; *see State v. Glass*, 583 P.2d 872, 881 (Alaska 1978) (requiring that a warrant be obtained to record a conversation, unless all parties consent to the recording).

[7] *Armstrong v. Asselin,* 734 F.3d 984, 987, 988 (9th Cir. 2013) (citing *Glass*, 583 P.2d at 881) ("Alaska's Constitution mandates that its people be free from invasions of privacy by means of surreptitious monitoring of conversations."); *United States v. White,* 401 U.S. 745 (1971); *United States v. Caceres,* 440 U.S. 741, 744 (1979) ("Neither the Constitution nor any Act of Congress requires that official approval be secured before conversations are overheard or recorded by Government agents with the consent of one of the conversants."); 18 U.S.C. § 2511(2)(c) ("It shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception.")).

[8] 28 U.S.C. § 1915A(a).

Case No. 3:22-cv-00002-RRB, *Talmadge v. Zwink, et al.*
Order of Dismissal
Page 2 of 11
Case 3:21-cv-00002-RRB   Document 4   Filed 03/09/21   Page 2 of 11

(2) seeks monetary relief from a defendant who is immune from such relief."[9]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face.[10] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[11] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[12]

## DISCUSSION

The Court takes judicial notice that neither Mr. Talmadge's state criminal conviction and sentence, nor the revocation of his probation, have been

---

[9] 28 U.S.C. § 1915A (b).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[11] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[12] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

Case No. 3:22-cv-00002-RRB, *Talmadge v. Zwink, et al.*
Order of Dismissal
Page 3 of 11
Case 3:21-cv-00002-RRB   Document 4   Filed 03/09/21   Page 3 of 11

invalidated.[13] Thus, he cannot currently bring civil rights claims in federal court. And before bringing a federal habeas action challenging the fact or duration of his confinement, he must exhaust his state court remedies.

I. *Heck v. Humphrey*

"Title 42 U.S.C. § 1983, provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place 'under color of any [law] . . . of any State or Territory . . . .'"[14] This federal statute "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[15] Under § 1983, a plaintiff must "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes."[16]

Mr. Talmadge's Claims numbered 1–9 date back to 2008, after which he was indicted in January of 2009, and was convicted and sentenced in April 2010,

---

[13] *See* https://records.courts.alaska.gov/eaccess/search, *State of Alaska v. Brett Brett A.J. Talmadge*, 3PA-09-00125CR; *Talmadge v. State of Alaska,* No. A-10765, 2013 WL 784884 (Alaska App. Feb 27, 2013) (unpublished); *Talmadge v. State of Alaska,* No. A10765, 2014 WL 5305987 (Alaska App. Oct. 15, 2014) (unpublished); *Talmadge v. State of Alaska*, No. A-12835, 2018 WL 4361153 (Alaska App. Sept. 12, 2018) (unpublished).

[14] *Lugar v. Edmondson Oil, Co.*, 457 U.S. 922, 924 (1982) (citing § 1983); *see also* U.S. Const. amend. XIV ("No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.").

[15] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

[16] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

Case No. 3:22-cv-00002-RRB, *Talmadge v. Zwink, et al.*
Order of Dismissal
Page 4 of 11
Case 3:21-cv-00002-RRB   Document 4   Filed 03/09/21   Page 4 of 11

for felony sexual abuse of a minor.[17]  Mr. Talmadge claims that, in June 2008, Magistrate Zwink "issued a search warrant . . . [in] violat[ion] [of] the Fourth Amendment . . . [with the intention [of] circumvent[ing] [Mr. Talmadge's] right to be questioned with counsel present . . . to elicit incriminating statements . . . [through] threats, moral and psychological inducement by an agent of the state, with the coaching of officer Rick Martinez."[18]  Mr. Talmadge alleges that Magistrate Rachel Gerna[]t also violated his rights by authorizing a "Glass warrant,"[19] and by "disclos[ing] [an] illegal recording to the grand jury and at trial."[20]  And he alleges that Rick Martinez "circumvented [his] right to be questioned with counsel present[] [b]y secretly recording his conversation for the express intent to elicit statements about a crime," and to "intentionally . . . violate [his] 5th Amendment right not to incriminate," and that Mr. Manrique "disclosed these illegal recording[s] to the grand jury."[21]

However, a prisoner may not initially bring a claim that collaterally attacks his state court conviction or sentence under 42 U.S.C. § 1983.  Where a § 1983 action alleges constitutional violations that would necessarily question or concern the validity of a state court conviction or sentence, the prisoner must establish that

---

[17] Docket 1 at 5–13; *Alaska v. Talmadge*, 3PA-09-00125CR.

[18] *Id.* at 5–6.

[19] *Glass*, 583 P.2d at 881 (requiring probable cause and a warrant in Alaska, to record a conversation, unless all parties consent to the recording).

[20] Docket 1 at 8–9.

[21] *Id*. at 10–12.

Case No. 3:22-cv-00002-RRB, *Talmadge v. Zwink, et al.*
Order of Dismissal
Page 5 of 11
Case 3:21-cv-00002-RRB   Document 4   Filed 03/09/21   Page 5 of 11

the underlying sentence or conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[22] This rule applies regardless of whether the prisoner seeks damages or injunctive relief, or who the target of the suit is, "if success in that action would necessarily demonstrate the invalidity of confinement or its duration."[23]

Mr. Talmadge's first nine claims assert facts involved in his 2009 criminal conviction and sentence. Because neither his conviction nor sentence in that case have been invalidated, this Court may not entertain his civil rights claims.

## II. *Younger* Abstention

Mr. Talmadge's Claims numbered 10–21 concern the 2019–20 revocation of his probation.[24] Those claims include assertions that Defendants Magistrate Conde and Assistant District Attorney Linda Burton issued search warrant(s) in violation of his rights under the Fourth Amendment, his right against self-incrimination, his right to an attorney during questioning, and his right to Due Process and Equal Protection, and that Linda Burton shared illegal information

---

[22] *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

[23] *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

[24] Docket 1 at 14–25; *see also Alaska v. Talmadge*, 3PA-09-00125CR, 9/19/19, 9/27/19, 1/14/20 docket notes, and hearing scheduled for 3/18/21.

Case No. 3:22-cv-00002-RRB, *Talmadge v. Zwink, et al.*
Order of Dismissal
Page 6 of 11
Case 3:21-cv-00002-RRB   Document 4   Filed 03/09/21   Page 6 of 11

with a grand jury.[25] Mr. Talmadge further alleges that Defendant Sherry Ferno requested a private party to elicit incriminating statements from Mr. Talmadge, in violation of his Fifth, Sixth and Fourteenth Amendment rights.[26] And he alleges that Defendants Velvet Bieswinger and Ellesaundra McIver gave false information to Sherry Ferno, resulting in the issuance of *Glass* warrants.[27]

The *Younger* abstention doctrine, however, provides that federal courts may not generally exercise jurisdiction when doing so would interfere with state judicial proceedings.[28] The core of *Younger* abstention is that a federal court cannot interfere with pending state court criminal proceedings, absent a "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief."[29] A federal court

> must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves.[30]

---

[25] *Id*. at 14–19.

[26] *Id*. at 20–23.

[27] *Id*. at 24–25. In his Amended Complaint in Case No. 3:19-cv-00318-TMB, Docket 8 at 9, Mr. Talmadge claims that Ellesaundra McIver is his daughter.

[28] *See Younger v. Harris*, 401 U.S. 37, 41 (1971).

[29] *Younger*, 401 U.S. at 54.

[30] San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008).

Case No. 3:22-cv-00002-RRB, *Talmadge v. Zwink, et al.*
Order of Dismissal
Page 7 of 11
Case 3:21-cv-00002-RRB   Document 4   Filed 03/09/21   Page 7 of 11

Dismissal under *Younger* has been extended to suits for damages.[31]

The State of Alaska has an important interest in enforcing its criminal laws. To the extent that Mr. Talmadge seeks to challenge the revocation of his probation in his State of Alaska Superior Court criminal case, his challenge should be addressed in those proceedings.[32] Otherwise, the relief Mr. Talmadge requests in this Court, if it could be granted,[33] would interfere with the state trial court's fact-finding responsibilities, which would have the practical effect of enjoining the ongoing state criminal court action.[34]

---

[31] *Washington v. Los Angeles County Sheriff's Department,* 833 F.3d 1048, 1058 (9th Cir. 2016) ("'*Younger* principles apply in an action for damages pursuant to 42 U.S.C. § 1983 in which the federal plaintiff brings a constitutional challenge to a state proceeding when that proceeding is ongoing; the state proceeding is of a judicial nature, implicating important state interests; and the federal plaintiff is not barred from litigating his federal constitutional issues in that proceeding.'") (quoting *Gilbert v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004)).

[32] *See, e.g., Alaska v. Talmadge*, 3PA-09-00125CR, 3/18/21 hearing.

[33] See *Armstrong,* 734 F.3d at 998 ("Since [the] § 1983 civil rights claim must rely on the deprivation of any rights 'secured by the Constitution and laws' of the United States, violation of the Alaska constitution alone does not establish a basis for a § 1983 lawsuit. The absence of a good warrant for the recorded conversations with Armstrong is immaterial to this federal case.") (citations omitted).

[34] If "bad faith, harassment, or any other unusual circumstance that would call for equitable relief," *Younger*, 401 U.S. at 54, is involved in the revocation of his probation, Mr. Talmadge should begin by appealing the trial court's decision to the state appellate courts. *See* discussion regarding exhaustion, below.

Case No. 3:22-cv-00002-RRB, *Talmadge v. Zwink, et al.*
Order of Dismissal
Page 8 of 11
Case 3:21-cv-00002-RRB   Document 4   Filed 03/09/21   Page 8 of 11

## III. Exhaustion Required to Bring Federal Habeas Case

To challenge a conviction or sentence, or both, in federal court, one may file a habeas petition under 28 U.S.C. § 2254.[35] But first, a petitioner must either (A) exhaust "the remedies available in the courts of the State" or (B) show "there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant."[36] To satisfy the "fairly present" requirement, the petitioner actually must present his or her federal claim to "each appropriate state court (including a state supreme court with powers of discretionary review)," so that each court is alerted to the federal nature of the claim.[37] In Alaska, this means that a claim must first be presented to the Alaska Superior Court. If the petitioner disagrees with that result, the claim should be raised to the Alaska Court of Appeals, and if the petitioner disagrees with that result, the claim should be raised in a petition for hearing to the Alaska Supreme Court. A federal court may not entertain a habeas petition unless the petitioner

---

[35] A challenge to the revocation of state probation or parole should be done through a federal petition for habeas corpus. *See* Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), Rule 1(a)(2) (explaining that the Habeas Rules govern § 2254 petitions filed by "a person in custody under a state-court . . . judgment who seeks a determination that future custody under a state-court judgment would violate the Constitution, laws, or treaties of the United States"); *Rose v. Morris,* 619 F.2d 42, 44 (9th Cir. 1980) (holding that petitioner was sufficiently "in custody" for purposes of Section 2254 petition where petitioner was in federal custody challenging a state probation revocation).

[36] 28 U.S.C. § 2254(b)(1).

[37] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) (per curiam)).

Case No. 3:22-cv-00002-RRB, *Talmadge v. Zwink, et al.*
Order of Dismissal
Page 9 of 11
Case 3:21-cv-00002-RRB   Document 4   Filed 03/09/21   Page 9 of 11

has exhausted all available and adequate state court remedies for every claim in the petition.[38]

Because neither Mr. Talmadge's state court conviction, nor the fact or duration of his current confinement, have been invalidated, this Court may not review the merits of the case.[39]

Accordingly, **IT IS HEREBY ORDERED:**

1. This case, involving claims concerning Mr. Talmadge's state criminal indictment, conviction, sentence, and the duration of his confinement, including revocation of probation, is **DISMISSED WITHOUT PREJUDICE**. This dismissal will not count as a "strike" against Mr. Talmadge under § 1915(g).[40]

---

[38] *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

[39] *See* westlaw.com; https://records.courts.alaska.gov/eaccess/search; https://appellate-records.courts.alaska.gov/CMSPublic/Search. Mr. Talmadge may appropriately appeal a decision of the trial court, and discuss his position regarding Glass warrants, as he has previously. *See Talmadge v. Alaska*, No. A-10765, 2012 WL 4512783, 3/14/12 Opening Brief at 8 ("During the Glass warrant conversation, Talmadge told Theresa that he had fallen in love with C.B., wanted to marry her, and admitted that he had sex with her four or five times. . . . Talmadge told Theresa that he only had sex with C.B. at his house, but he did not specify whether he was referring to his house in Alaska or Wyoming."); *Talmadge v. Alaska*, No. A-12835, 2017 WL 10186542 (Alaska App.), 10/25/17 Opening Brief on post-conviction appeal at 32 ("PCR counsel relied entirely on Mr. Talmadge's appellate attorney's analysis regarding the *Glass* claim.").

[40] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury." *See Washington*, 833 F.3d at 1057 ("Because Washington's *Heck*-barred damages claims are thus intertwined with his habeas challenge to the underlying sentence, we decline to impose a strike with

Case No. 3:22-cv-00002-RRB, *Talmadge v. Zwink, et al.*
Order of Dismissal
Page 10 of 11

Case 3:21-cv-00002-RRB   Document 4   Filed 03/09/21   Page 10 of 11

2. All outstanding motions are **DENIED** as MOOT.

3. The Clerk of Court is directed to enter a judgment accordingly.

DATED this 9th day of March, 2021 at Anchorage, Alaska.

                                                    */s/ Ralph R. Beistline*
                                                    RALPH R. BEISTLINE
                                                    Senior United States District Judge

---

respect to his entire action."); *see also id*. at 1058 ("We hold that a dismissal due to *Younger* abstention, similar to a dismissal under Rule 12(b)(1) for lack of subject-matter jurisdiction, is not a strike under the PLRA.").

Case No. 3:22-cv-00002-RRB, *Talmadge v. Zwink, et al.*
Order of Dismissal
Page 11 of 11
Case 3:21-cv-00002-RRB   Document 4   Filed 03/09/21   Page 11 of 11